GOMEZ LAW GROUP
ALVIN M. GOMEZ, ESQ. (STATE BAR NO. 137848)
8910 University Center Lane, Suite 550
San Diego, California 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505
agomez@thegomezlawgroup.com

Attorneys for Plaintiff
BRUCE PATYK

'07 CV 2279 H (CAB)

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATYK, | ) COMPLAINT FOR VIOLATION OF |
| | ) FAIR DEBT COLLECTION |
| Plaintiff, | ) PRACTICES ACT 15 U.S.C. § 1692 ET |
| | ) SEQ.; |
| v. | ) Cal. Civ. Code § 1785 ET SEQ; |
| | ) Cal. Civ. Code § 1788 ET SEQ; |
| | ) Cal. Civ. Code § 1798.92 ET SEQ; |
| CERTEGY PAYMENT RECOVERY | ) LIBEL; |
| SERVICES, INC., and DOES 1-10 | ) INTENTIONAL AND NEGLIGENT |
| INCLUSIVE, | ) INFLICTION OF EMOTIONAL |
| | ) DISTRESS; UNFAIR BUSINESS |
| | ) PRACTICES, AND DEMAND FOR |
| Defendants. | ) JURY TRIAL. |
| | ) |

Plaintiff alleges:

I. INTRODUCTION

1. This is an action for damages brought by an individual Consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. **Plaintiff demands a jury trial.**

///

///

1

**Complaint and Demand for Jury Trial**

## II. JURISDICTION

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692(d) and 28 U.S.C. § 1337, and under the Court's jurisdiction pursuant to 28 U.S.C. § 1367.

## III. PARTIES

3. Plaintiff, BRUCE PATYK, is a natural person residing in the City of San Diego, County of San Diego, California.

4. Defendant, CERTEGY PAYMENT RECOVERY SERVICES, INC., a subsidiary of Fidelity National Information Services Inc., (hereinafter "Certegy"), is now, and at all times mentioned in this complaint, was a corporation organized and existing under the laws of the state of GEORGIA and its principal place of business located in St. Petersburg, Florida. Defendant is engaged in the business of debt collection and regularly attempts to collect debts alleged to be due another. Defendant Certegy regularly conducts said activities in the County of San Diego, State of California.

5. Plaintiff is unaware of the true names and capacities of defendants Does 1 through 10, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identify of each fictitious defendant's responsibility for the matters and things herein alleged is ascertained by the Plaintiff, he will seek leave to amend this complaint and all proceedings herein to set for the same.

6. Plaintiff is informed and believes, and thereon alleges, that each of the defendants is, and at all times relevant herein was, the agent, employee or alter ego of each of the remaining codefendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees or alter egos, and with the permission and consent of the remaining co-defendants.

2

**Complaint and Demand for Jury Trial**

## IV. FACTUAL ALLEGATIONS

7. Plaintiff repeats and realleges and incorporates by reference paragraphs one through 6 above.

8. On or about December 2005, Plaintiff's identify was stolen when a renewal drivers license was stolen from his mail.

9. On or about January 27, 2006 two counterfeit checks were cashed at PALA Casino and Resort (hereinafter "Pala") using Plaintiff's stolen drivers license for the amounts of $500.00 and $1000.00 respectively.

10. On or about May 9, 2006 Plaintiff was informed through receipt of a letter by Defendant Certegy of one or more of the debts incurred at PALA using his stolen drivers license.

11. Plaintiff, upon demand for payment by creditors who were defrauded by the person or persons unknown and described above, took all reasonable steps to notify those creditors of the fraudulent use of his identify, and non-involvement with the check cashing. Additionally, Plaintiff filed a police report, called Certegy, sent letters to Certegy and PALA by registered mail, sent affidavit of Identity Theft to Certegy, and sent the police report to Certegy.

12. On or about June 20, 2006 Plaintiff received an apology letter from Certegy acknowledging that all of the returned checks on file under Plaintiff's identification numbers were actual forgeries.

13. On or about November 21, 2006 Plaintiff received another letter from Certegy demanding payment of one of the fraudulent checks cashed at PALA.

14. On or about December 26, 2006 Plaintiff received a threatening letter from Certegy notifying him that his ability to pay by check was suspended at thousands of locations.

15. On or about February 6, 2007 Plaintiff received a threatening letter from Certegy notifying him that his unpaid check information would be reported to a national credit database as a bad debt.

16. On or about August 31, 2007 Plaintiff discovered that the debt for the fraudulent checks had been reported as a bad debt on Plaintiff's Equifax, a national credit reporting database, credit report.

## I.
## FIRST CAUSE OF ACTION
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT-15 U.S.C. § 1692 et. seq.

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

18. Defendant Certegy's violations of the FDCPA include, but are not limited to, the following:

18.1 Section 1692c for continuing to contact Plaintiff by mail after notification and admission by Defendant Certegy that Plaintiff was not liable for any debt related to the fraudulent checks.

18.2 Section 1692e (2),(5),(8) and (10) for threatening to report the fraudulent checks as Plaintiff's bad debt to credit reporting agencies and stores after expressly acknowledging to Plaintiff that Plaintiff was not liable for the debt.

18.3 Section 1692g for continuing to claim Plaintiff was liable for the debt and contacting him about it after Certegy had acknowledged that the checks were forgeries and Plaintiff was not liable for them.

19. As a result of Defendants violations of the FDCPA, Plaintiff has suffered actual damages, including emotional distress, and false and derogatory reports on Plaintiff's credit reports by Defendant Certegy. As a direct and proximate cause of these violations, Plaintiff is entitled to an award of statutory damages, actual damages, costs and attorney fees.

///

///

///

## II.
## SECOND CAUSE OF ACTION
### GIVING UNTRUE CREDIT INFORMATION-California Civil Code § 1785.25 et. seq.

20. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

21. Defendant Certegy, reported at an unknown date to one or more credit reporting agencies the inaccurate information that Plaintiff had a bad debt related to the forged checks.

22. After Defendant Certegy was informed by Plaintiff that the checks were forged and after Certegy admitted the checks were forged, thus excusing Plaintiff from any liability for the bad debt, Certegy failed to take prompt corrective action in regards to the inaccurate information it had provided to the credit reporting agencies.

23. The communications made by Defendant Certegy to the credit reporting agencies as described above, were untrue and Defendant Certegy knew or should have known that the communications were untrue and/or acted in reckless disregard for the truth of the statements.

24. Defendant Certegy's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally and in reckless disregard of their duties and Plaintiff's rights, amounting to malice.

25. Plaintiff has suffered actual damage and incurred costs from these false reports as described in detail above.

## III. THIRD CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT-California Civil Code § 1788 et. seq.

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

27. Defendant Certegy is a debt collector as defined in California Civil Code § 1788.2(c).

5

**Complaint and Demand for Jury Trial**

28. Defendant Certegy was incompetent in its handling of the reported fraudulent check cashing obtained against the name Bruce Patyk.

29. Plaintiff was subjected to many months of harassment, threats, and emotional distress due to Defendant's failure to attempt to remediate the inaccurate information, despite access to the true facts, and sufficient time and opportunity to make the corrections required of them.

30. This failure by Defendant Certegy to correct their credit reporting error, has resulted in repeated threats of communication, and ultimately communication to credit reporting agencies that Plaintiff was delinquent in payment of a debt, despite Defendant's actual knowledge of the falsity of such information.

31. Defendant Certegy's communications of false information were done knowingly, intentionally and in reckless disregard for the truth of the matter, constituting malice. Because Defendant's above-described actions were in willful and knowing violation of California Civil Code § 1788, et seq., Plaintiff is entitled to punitive damages pursuant to California Civil Code § 1788.30.

32. Defendant Certegy's communications of false information, and demands for payments after the dispute of this debt were done knowingly, intentionally and for the purpose of harassing Plaintiff into paying a debt not rightfully his. Because Defendant's above described actions were in willful and knowing violation of Civil Code § 1788, et seq., Plaintiff is entitled to punitive damages pursuant to Civil Code § 1788.30.

33. As a direct and proximate result of willful, untrue and knowingly made communications by the Defendant Certegy, and it's refusal to rectify their errors as stated herein, Plaintiff suffered damages and incurred costs and expenses in an amount to be determined at trial.

///

///

///

**Complaint and Demand for Jury Trial**

## IV.
## FOURTH CAUSE OF ACTION
### FAILURE TO ACKOWLEDGE IDENTITY THEFT CLAIM-California Civil Code Section §1798.92 (6) et. seq.

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

35. Plaintiff notified Defendant Certegy in writing that Plaintiff was a victim of identify theft and the debt that Defendant Certegy was seeking to collect from Plaintiff was incurred as a result of the identify theft and that Plaintiff had no connection with the cashing of the forged checks.

36. Plaintiff additionally filed a police report, called Certegy, sent letters to Certegy and PALA Casino by registered mail, sent affidavit of Identity Theft to Certegy, and sent the police report to Certegy.

37. Defendant Certegy failed to diligently investigate or remediate Plaintiff's claim of identify theft.

38. Defendant Certegy continued to purse its collection activities against Plaintiff despite being presented with the facts which demonstrated beyond all doubt that Plaintiff would be entitled to a judgment against the any person who had stolen his identify.

## V.
## FIFTH CAUSE OF ACTION
### LIBEL

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

40. On or about August 2007, Plaintiff discovered Defendant Certegy had reported and published information to credit reporting agencies, including but not limited to Equifax, as more fully described hereinabove, with respect to delinquent debt by him, and his credit worthiness.

7

**Complaint and Demand for Jury Trial**

41. The reports or publications by Defendant referred to Plaintiff as a delinquent in payment, and were so understood by all those who read them.

42. The reports or publications that Plaintiff had, or was refusing to pay a debt were entirely false as they pertained to him and reported or published by Defendant Certegy with knowledge of such falsity and in reckless disregard for Plaintiff's rights.

43. The reports or publications by Defendant Certegy were libelous on their face, they clearly exposed Plaintiff to ridicule and obloquy because they stated that he was delinquent in payment, indicating he would not be capable or willing to pay his debts, and was a credit risk.

44. Defendant Certegy's reports or publications were seen and read by numerous credit reporting agencies and credit granting organizations, and as a result the false information was disseminated throughout the financial and economic community to any service or business with inquiry.

45. As a direct and proximate result of the above described publication, Plaintiff has suffered loss of his reputation, shame, mortification and injury to his feelings, all to his damage in an amount to be established by proof at trial.

46. The above described publication was not privileged because it was published by Defendant Certegy with knowledge of its falsity, or reckless disregard for the truth of the matter constituting malice toward Plaintiff. Because of Plaintiff's malice in publishing, Plaintiff seeks punitive damages in an amount to be established at trial.

## VI.
## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

48. On or about August 2007, Plaintiff discovered that Defendant Certegy, despite his proper dispute of this alleged debt, had knowingly and intentionally reported erroneous information to credit reporting agencies, in violation of their duty to the contrary.

49. Defendant Certegy's above-described conduct was so severe and outrageous that as a proximate result Plaintiff suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress and defamation of character.

50. As a further and proximate result of willful, untrue and knowingly made communications by the Defendant Certegy, and it's refusal to rectify their errors as stated above, Plaintiff suffered damages and incurred costs and expenses in an amount to be determined at trial, and based on Defendant's malicious conduct, Plaintiff requests punitive damages in an amount to be determined at trial.

## VII.
## SEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

52. Defendant was negligent in exercising it's duties to maintain accurate records, and report accurate information to credit reporting agencies as more fully described above.

53. Defendants above described conduct was so severe and outrageous that as a proximate result Plaintiff suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress and defamation of character.

54. As a further and proximate result of communications by the Defendant, and it's refusal to rectify their errors as stated above, Plaintiff suffered damages and incurred costs and expenses in an amount to be determined at trial.

///

## VII.

## SEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICE ACTS-Business and Professions Code § 17200 et. seq.

55. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 as though fully stated here.

56. Plaintiff brings this action in his individual capacity and on behalf of the general public.

57. Defendant Certegy are and at all time relevant to this Complaint engaged in the business of collections.

58. Commencing on or about May 2006 Defendant Certegy committed the acts of unfair practices as defined by Business and Professions Code § 17200 et. seq., and described in the above stated Causes of Action.

59. Defendant Certegy's acts and practices described above were and are likely to mislead the general public and therefore constitute misleading and unfair practices within the meaning of Business and Professions Code § 17200 et. seq. The acts and practices were and are likely to mislead the general public in that they constitute violations of California Civil Code § 1785 et. seq., § 1788 et. seq., and § 1798.92 et. seq.

60. These unfair and unlawful business practices of Defendant Certegy are likely to continue and therefore will continue to injure and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat t the public.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

    1. For statutory damages in an amount to be proven at trial;

    2. For general damages in an amount to be proven at trial;

    2. For special damages in an amount to be proven at trial;

10

**Complaint and Demand for Jury Trial**

|  |  |  |
|---|---|---|
| 1 | 3. | For exemplary damages in an amount to be proven at trial; |
| 2 | 4. | For costs of suit incurred herein; |
| 3 | 5. | For attorney's fees incurred herein; |
| 4 | 6. | For interest allowed by law; and |
| 5 | 7. | For such other relief as the court may deem proper; |

DATED: November 28, 2007

GOMEZ LAW GROUP

By: /s/ Alvin M. Gomez

ALVIN M. GOMEZ, Esq.
Attorney for Plaintiff
E-mail: agomez@thegomezlawgroup.com

## DEMAND FOR JURY TRIAL

Plaintiff Bruce Patyk hereby demands a trial by jury.

DATED: November 28, 2007

GOMEZ LAW GROUP

By: /s/ Alvin M. Gomez

ALVIN M. GOMEZ, Esq.
Attorney for Plaintiff
E-mail: agomez@thegomezlawgroup.com

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

         # 145112      - BH

         December 05, 2007
              10:30:32


            Civ Fil Non-Pris
    USAO #.: 07CV2279 CIVIL FILING
    Judge..: MARILYN L HUFF
    Amount.:                $350.00 CK
    Check#.: BC# 8180



       Total-> $350.00



    FROM: PATYK V. CERTEGY SERVICES
          CIVIL FILING
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bruce Patyk

**DEFENDANTS**
Certegy Payment Recovery Services, Inc., and DOES 1-10 INCLUSIVE

(b) County of Residence of First Listed Plaintiff: San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
GOMEZ LAW GROUP, 8910 University Center Lane, Suite 550, San Diego, CA 92122

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692

Brief description of cause:
violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/30/2007
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 145112   AMOUNT $350  12/5/07 BH   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____