Gregor A. Hensrude, Bar No. 226660
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendant
CERTEGY PAYMENT RECOVERY SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATYK,<br><br>Plaintiff,<br><br>v.<br><br>CERTEGY PAYMENT RECOVERY SERVICES, INC., and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.   07-CV-2279-H-(CAB)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO CODE OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:              February 25, 2008<br>Time:             10:30 a.m.<br>Dept:              13<br>Judge:            Marilyn Huff<br>Complaint Filed: 12/5/07<br>Trial Date:      None set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 25, 2008, at 10:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located 940 Front Street, San Diego, California 92101, Defendant CERTEGY PAYMENT RECOVERY SERVICES, INC. will and hereby does move the court to dismiss the claims pled in Plaintiff's Complaint filed against it pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), on the following grounds:

<u>As to the Second Cause of Action under California Civil Code § 1795.25:</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

///

///

---

1

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO CODE OF CIVIL PROCEDURE 12(B)(6)**
07-CV-2279-H-(CAB)

<u>As to the Third Cause of Action under California Civil Code § 1788:</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

<u>As to the Fourth Cause of Action under California Civil Code Section § 1798.92:</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

<u>As to the Fifth Cause of Action for Libel</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

<u>As to the Sixth Cause of Action for Intentional Infliction of Emotional Distress</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

<u>As to the Seventh Cause of Action for Negligent Infliction of Emotional Distress</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

<u>As to the Eighth (mislabeled as Seventh) Cause of Action under Business and Professions Code § 17200.</u>

This cause of action is preempted by Federal Law, specifically the Federal Fair Credit Reporting Act.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein, and any oral argument presented at the time of hearing.

                KLINEDINST PC

DATED: January 28, 2008    By: <u>/s/ Gregor A. Hensrude</u>
                GREGOR A. HENSRUDE
                Attorneys for Defendant
                CERTEGY PAYMENT RECOVERY SERVICES, INC.

```
Gregor A. Hensrude – Bar No. 226660
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendant
CERTEGY PAYMENT RECOVERY SERVICES, INC., and
DOES 1-10, INCLUSIVE
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATYK,<br><br>Plaintiff,<br><br>v.<br><br>CERTEGY PAYMENT RECOVERY SERVICES, INC., and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.   07-CV-2279-H-(CAB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF 12(B)(6) MOTION**<br><br>Date:            February 25, 2008<br>Time:            10:30 a.m.<br>Dept:            13<br>Judge:           Marilyn L. Huff<br>Complaint Filed:  12/5/07<br>Trial Date:      None set |

## I.

## INTRODUCTION

All of Plaintiff's causes of action save the federal statutory claims are pre-empted by federal law. Plaintiff's causes of action arise out of the same alleged facts: that Defendant acted improperly when attempting to collect on two fraudulent checks. These allegations bring Plaintiff's claims under the Federal Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA) - two statutes that occupy the field of debt collection and reporting. However, Plaintiff alleges seven state and common law causes of action that conflict with these federal statutes. Therefore, Plaintiff's causes of action are pre-empted as a matter of law.

///

///

///

## II.

## STATEMENT OF FACTS

Plaintiff Bruce Patyk alleges that his identity was stolen in December, 2005. [Complaint ¶ 8] He alleges that the thief then cashed two checks utilizing the stolen identity. [Complaint ¶ 9] The checks were invalid, thus resulting in the flagging of Mr. Patyk's account.

Mr. Patyk alleges that he sorted out the issue, with police help, in June, 2006. [Complaint ¶¶ 11-12] In culmination of that effort, Mr. Patyk states that Certegy acknowledged that his identity had been stolen, and that the bad checks were not his obligation. [Complaint ¶ 12]

He then alleges that Certegy contacted him three more times about the debt, and reported the bad debt to Experian (it is unclear when the alleged reporting took place). [Complaint ¶¶ 13-16]

There is no allegation that Mr. Patyk took any further action before filing this complaint, containing claims that Defendant Certegy violated various federal and California statutes by the above-referenced acts.

## III.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be granted when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) permits dismissal of a claim either where the claim lacks a cognizable legal theory or where insufficient facts are alleged to support the plaintiff's theory. See *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (U.S. 2007). A plaintiff's obligation under Rule 8(a)(2)'s notice pleading standard is "to provide the

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

grounds of his entitlement to relief [using] more than labels and conclusions. . . ." *Id.* In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court is not required to credit "conclusory allegations of law and unwarranted inferences." *Jet Source Charter, Inc. v. Gemini Air Group, Inc.*, 2007 U.S. Dist. LEXIS 85308, 4-6 (SD Cal. 2007).

## IV.

## ARGUMENT

While Plaintiff's cause of action for violations of the Fair Debt Collection Practices Act (FDCPA) is supported by the allegations, the other causes of action do not state a claim for which the court can grant relief, primarily because the federal statute pre-empts the state and common law causes of action.

### A. The pre-emption doctrine precludes a party from asserting a state law claim where a federal statute governs the conduct at issue

A federal law preempts state law if the scope of the federal law suggests that Congress intended to occupy the field of regulation exclusively, or when there is actual conflict between the state and federal law. *Sprietsma v. Mercury Marine,* 537 U.S. 51, 64 (2002). There is an actual conflict between state and federal law when it is impossible for a party to comply with both state and federal law or where state law acts as an obstacle to the full purposes and objectives of the federal law. *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1128 (D. Cal. 2005).

The courts have repeatedly held that the federal code provisions relating to debt reporting and collection occupy the field, thereby pre-empting state and common law claims.[1]

---

[1] "[t]he majority of district courts in the Ninth Circuit have held that the FCRA preempts state statutory and common law causes of action which fall within the conduct proscribed under § 1681s-2(a)." *Pacheco v. Citibank* (South Dakota), N.A., 2007 U.S. Dist. LEXIS 34821, 2007 WL 1241934 at 2 (N.D. Cal.2007). See also *Aklagi v.*

**B.    Plaintiff's libel cause of action is pre-empted by federal statute**

The FCRA preempts state law causes of action for defamation, libel, invasion of privacy, or negligence with respect to a consumer reporting agency's (CRA) reporting of consumer credit information except when the CRA acted with malice or willful intent. 15 U.S.C. § 1681h(e).  The FCRA's preemption provision provides:

> ". . . no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer. 15 U.S.C. § 1681h(e).

The holding in *Jianqing Wu v. Trans Union* illustrates the rule.  After an ongoing dispute with Equifax over the accuracy of its reporting, the plaintiff in *Jianqing Wu* filed a complaint alleging several causes of action, including a state law claim for libel.  The court held that libel falls squarely within the FCRA's preemption provision, as libel is a form of defamation. *Jianqing Wu v. Trans Union*, 2006 U.S. Dist. LEXIS 96712, 41-42 (D. Md. 2006); See also Grant *v. TRW, Inc.,* 789 F. Supp. 690, 693 (D. Md. 1992), (holding that a plaintiff's common law claim for defamation was preempted by § 1681h(e) of the FCRA).

Here, the basis for Plaintiff's alleged libel cause of action is identical to those facts pled under federal law.  There is no reason for the court to make an exception to the well-

///

---

*Nationscredit Fin. Servs. Corp.*, 196 F.Supp.2d 1186, 1194-95 (D. Kan. 2002) (finding defamation claim preempted under section 1681t(b)(1)(F)); *Hasvold v. First U.S.A. Bank*, 194 F.Supp. 2d 1228, 1239 (D. Wyo. 2002) (finding FCRA preempts state common law claims for defamation, invasion of privacy, and interference with prospective advantage); *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356, 362 (E.D. Pa. 2001) (Section 1681t(b)(1)(F) preempts Pennsylvania's Consumer Protection law); *Carney v. Experian Info. Solutions, Inc.*, 57 F.Supp.2d 496, 503 (W.D. Tenn. 1999) (finding that section 1681t(b)(1)(F) preempts Tennessee's consumer protection act).

established rule of preemption in such circumstances, and therefore Plaintiff's cause of action for defamation should be dismissed.

C. **Plaintiff's causes of action are pre-empted by federal statute**

Pursuant to established authority, Plaintiff's statutory and common law causes of action are also pre-empted by the federal statutes, as the federal laws clearly occupy the field in the area of debt-collection and reporting regulations, which is the impetus for these claims.

1. **Plaintiff's second cause of action fails because the only provision not preempted by federal law does not create a private right of action**

The court in *Quigley v. Pa. Higher Educ. Assistance Agency*, left no doubt that states may not impose liability on furnishers of information to credit reporting agencies. *Quigley v. Pa. Higher Educ. Assistance Agency*, 2000 U.S. Dist. LEXIS 19847, 8-9 (D. Cal. 2000); See also *Lin v. Universal Card Servs. Corp.*, 238 F. Supp. 2d 1147, 1152 (D. Cal. 2002). Accordingly, plaintiff's California statutory claims against Defendant for furnishing inaccurate information to the consumer reporting agencies must be dismissed.

First, California law does not provide a private right of action against furnishers of information in the first instance. The California Court of Appeals has interpreted section 1785.31(a) as not providing a private right of action against furnishers of information. See *Pulver v. Avco Financial Services*, 182 Cal. App. 3d 622, 633 (1986).[2]

And the other operative provisions of section 1785, section 1785.25(g) and 1785.31(a), have been expressly pre-empted by federal law. In *Quigley*, the court explained that the FCRA specifically provides that "no requirement or prohibition may be imposed under the laws of any State -- (1) with respect to the subject matter regulated under -- . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons

---

[2] This prohibition also extends to situations involving identity theft (Plaintiff's fourth cause of action). See *Millett v. Ford Motor Credit Co.* 2005 U.S. Dist. LEXIS 8806 (D. Kan. 2005) (state law claim involving failure to report identity theft preempted under FCRA); *Jarrett v. Bank of Am.*, 421 F.Supp.2d 1350 (2006, DC Kan.) (consumer who had been victim of identity theft, not entitled to enjoin bank and credit reporting agencies from making further false statements in credit reports because state law claim was preempted by federal law).

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). This section prohibits the states from regulating the furnishing of information to consumer protection agencies. Subsection (g) of 1785.25 provides further that a "person who furnishes information to a consumer credit reporting agency is liable for failure to comply with the section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions." Cal. Civ. Code § 1785.25(g).

In addition, Civil Code section 1785.31 purportedly provides a private right of action for any person who suffers damages from a violation of the California Consumer Credit Act. Cal. Civ. Code § 1785.31(a). However, subsection (g) and section 1785.31 are not included in the FCRA's exception to its preemption provision. That provision only exempts California Civil Code section 1785.25(a). Thus, based on a plain reading of the FCRA, any private right of action under the California Civil Code based on the wrongful acts of a "furnisher of information" is preempted by the FCRA. *Quigley v. Pa. Higher Educ. Assistance Agency*, 2000 U.S. Dist. LEXIS 19847, 8-9 (D. Cal. 2000). This conclusion is consistent with the expressed intent of Congress to have the conduct of furnishers of information regulated exclusively by governmental entities. *Id.*

This rule is illustrated in *Pirouzian v. SLM Corp.*, where the plaintiff asserted that the defendant orally agreed to grant a forbearance on his student loan and to refrain from reporting negative credit information to credit reporting agencies, but then reported negative credit information to a number of credit reporting agencies, failed to correct the negative credit information after plaintiff paid the alleged past-due payments, and failed to adequately investigate plaintiff's claims that the negative credit information was inaccurate. *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124 (D. Cal. 2005). Although the plaintiff argued that the FCRA did not preempt his California statutory claims because the FCRA pertains to the reporting of credit information, while the California FDCPA regulates the collection of debts, the court found that the plain language of the FCRA

clearly eliminated all state causes of action against furnishers of information. *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (D. Cal. 2005). The case is indistinguishable from the result at bar, and so too should the result be.

### 2. Plaintiff's third cause of action is also pre-empted by federal law

Plaintiff's third cause of action is also preempted for the same reason. In *Nelson v. Equifax Info. Servs., LLC*, where a consumer alleged that a debt collection agency engaged in conduct that violated the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788 et seq., by failing to properly investigate a disputed account and re-reporting the disputed account, knowing it was false, the agency was granted summary judgment because the claim was completely preempted by the Fair Credit Reporting Act. The court held that the conduct giving rise to the claim was credit furnishing conduct regulated by the FCRA. *Nelson v. Equifax Info. Servs., LLC* 2007 US Dist LEXIS 83171 (2007, CD Cal).

The plaintiff in *Nelson*, like the Plaintiff in this case, alleges that Defendant (1) failed to properly investigate the disputed account, and (2) re-reported the account to Equifax knowing it was false. Like the court in *Nelson*, this court should find that the California FDCPA claim is completely preempted by the FCRA. *Nelson v. Equifax Info. Servs., LLC*, 2007 U.S. Dist. LEXIS 83171, 19-20 (D. Cal. 2007).

### 3. Plaintiff's sixth, seventh, and eighth causes of action are also barred by federal law

Because Plaintiff's sixth, seventh, and eighth causes of action are also barred for the same reason. As the court will note, those causes of action are premised on the exact same facts and circumstances that make up the expressly pre-empted causes of action, and the result is no different. See *Pacheco v. Citibank* (South Dakota), N.A., 2007 U.S. Dist. LEXIS 34821, 2007 WL 1241934 at 2 (N.D. Cal.2007) ("[t]he majority of district courts in the Ninth Circuit have held that the FCRA preempts state *statutory and common law* causes of action which fall within the conduct proscribed under § 1681s-2(a)."(emphasis added)).

**D.   Plaintiff's allegations of willful and malicious conduct are conclusory**

Plaintiff may seek to allege that because the FCRA's preemption provision allows state libel suits to proceed where the defendant furnishes false information with malice or with the willful intent to injure, his complaint should not be dismissed, but that ignores the fact that Plaintiff does not allege any facts that support his general and conclusory allegations of willful and malicious conduct. (See Complaint, ¶¶ 24, 31, 32, 46). The court has held that a general allegation that defendant acted "maliciously, fraudulently and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice" is conclusory and supports no inference of libel or slander and plaintiff's CFDCPA claim failed. Ar*ikat v. JP Morgan Chase & Co.,* 430 F. Supp. 2d 1013, 1021 (D. Cal. 2006), fn. 10. ." Rule 8(a)(2)'s notice pleading standard prohibits mere labels and conclusions when alleging a cause of action. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (U.S. 2007). Therefore, this argument fails and Plaintiff's statutory and state law causes of action are preempted under the FRCA.

## V.

## CONCLUSION

The parties will litigate the federal claims alleged by Plaintiff, but should not duplicate those claims with those expressly pre-empted by the same federal law Plaintiff is relying upon. Defendant Certegy Payment Recovery respectfully requests that its motion to dismiss be granted because the federal debt reporting and collection statutes occupy the field in issue, thereby pre-empting the state and common law claims.

KLINEDINST PC

DATED: January 28, 2008    By: /s/ Gregor A. Hensrude
                                GREGOR A. HENSRUDE
                                Attorneys for Defendant
                                CERTEGY PAYMENT RECOVERY
                                SERVICES, INC., and DOES 1-10,
                                INCLUSIVE

Gregor A. Hensrude – Bar No. 226660
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendant
CERTEGY PAYMENT RECOVERY SERVICES, INC., and
DOES 1-10, INCLUSIVE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| BRUCE PATYK,<br><br>    Plaintiff,<br><br>v.<br><br>CERTEGY PAYMENT RECOVERY SERVICES, INC., and DOES 1-10, INCLUSIVE,<br><br>    Defendants. | Case No.   07-CV-2279-H-(CAB)<br><br>**CERTIFICATE OF SERVICE**<br><br>Date<br>Time:<br>Dept:           13<br>Judge:         Marilyn L. Huff<br>Complaint Filed:  12/5/07<br>Trial Date:     None set |
|---|---|

1

**CERTIFICATE OF SERVICE**

STATE OF )
)
COUNTY OF San Diego )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of San Diego, California, and my business address is Klinedinst PC, Suite 600, 501 West Broadway, San Diego, California 92101.

On **January 28, 2008**, I caused to be served the following documents:

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO CODE OF CIVIL PROCEDURE 12(B)(6); and**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

☐ **BY REGULAR MAIL::** I caused such envelopes to be deposited in the United States mail, at San Diego, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(b).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** Complying with Fed. R.Civ. P. _____, my electronics business address is traymond@klinedinstlaw.com and I caused such document(s) to be electronically served for the above-entitled case to those parties on the Service List below. The file transmission was reported complete and a copy will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelop or package clearly labeled to identify the person being served, to be personally served via Cal Express Attorney Service on the parties listed on the service list below at their designated business address.

    ☐ By personally delivering the copies;

    ☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of ____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

| Alvin M. Gomez, Esq.<br>GOMEX LAW GROUP<br>8910 University Center Lane, Suite 550<br>San Diego, California 92122 | 858-552-0000/FAX 858-558-8505<br>agomez@thegomezlawgroup.com<br>Attorneys for Plaintiff |
|---|---|

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2008, at San Diego, California.

/s/ Tressa Raymond
Tressa F. Raymond

2989-8001 562917v1

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101