Alvin M. Gomez, Esq. (State Bar No.: 137818)
GOMEZ LAW GROUP
8910 University Center Lane, Suite 550
San Diego, California 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505
Email: agomez@thegomezlawgroup.com

Attorneys for Plaintiff
Bruce Patyk

# United States District Court

## Southern District of California

| | |
|---|---|
| Bruce Patyk, | Case No.: 07-CV-2279-H-(CAB) |
| Plaintiff, | Date: March 24, 2008<br>Time: 10:30 a.m. |
| v. | Dept.: 13<br>Judge: Marilyn Huff |
| Certegy Payment Recovery Services Inc. and Does 1-10 Inclusive, | |
| Defendants. | **Memorandum of Points and Authorities in Support of Plaintiff's Motion for Attorney's Fees**<br>**(Fed. R. Civ. P. 54(d)(2))** |

## I.

## Introduction

Plaintiff Bruce Patyk retained counsel in order to force Defendant Certegy Payment Recovery Services Inc. to cease their harassing attempts to collect a non-existent debt. Bruce Patyk was the victim of identify theft when checks bearing his name

were used to draw money at a casino. When Mr. Patyk learned of this he took all necessary steps to protect himself, including obtaining a police report.

Mr. Patyk followed all of Defendant's required procedures for reporting the identify theft and disputing Mr. Patyk's liability for the debt, including sending the police report to Defendant. Defendant ignored what was a clear case of identify theft and continued to harass Mr. Patyk, eventually reporting non-payment of the alleged debt to credit agencies thus damaging Mr. Patyk's credit.

Defendant Certegy had represented to Mr. Patyk that the negative remarks would be removed on several occasions; however, Defendant's representations were without any substance as the negative remarks were not removed prior to the filing the lawsuit.

Mr. Patyk filed lawsuit in order to stop Defendant's conduct and seek redress. Defendant's counsel vigorously attempted to dissuade Mr. Patyk from seeking full redress. Defendant went as far as to file a Motion to Dismiss against the majority of Mr. Patyk's causes of action.

On or about January 4, 2008, counsel for Mr. Patyk spoke to Mr. Richard Weinman, Vice President and Division Counsel for Certegy. Mr. Weinman advised Mr. Gomez that he personally looked into the matter of Mr. Patyk. Mr. Weinman concurred that the negative remarks should have been removed from Mr. Patyk's credit reports. He further acknowledged that Certegy was in error in not removing the negative remarks. Mr. Weinman represented that he would complete the necessary paperwork to remove the negative comments to ensure that there would be no further issues by Certegy against Mr. Patyk. In January 2008, the negative remarks were apparently removed from Mr. Patyk's credit reports.

Finally, Defendant filed a Federal Rule of Civil Procedure 68 Offer of Entry of Judgment which Mr. Patyk accepted based upon the representations of Defendant Certegy that the negative remarks were removed from his credit report.

Plaintiff's Motion for Attorney's Fees                    07-CV-2279-H-(CAB)

The terms of Rule 68 Offer and Acceptance allowed Mr. Patyk to recover costs and reasonable attorney fees. Mr. Patyk, through his counsel, has made several efforts to resolve the issue of attorney's fees with Defendants. However, Defendant's refuse to offer a realistic amount in settlement.

## II.
## Mr. Patyk's has met the statutory requirements for requesting the Court to determine and award attorney's fees.

Defendant Certegy has agreed that Plaintiff is entitled to reasonable attorney fees and costs.

Bruce Patyk has met the requirements necessary for this Court to award him his reasonable attorney's fees. In order to bring a Motion for Attorney's Fees, Rule 54(d)(2)(B) requires that the motion must:

(i)   Be filed no later than 14 days after the entry of judgment;

(ii)  specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it; and

(iv)  Disclose if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

*Fed. R. Civ. Pro.* 54(d)(2)(B).

Mr. Patyk has met all four of the statutory requirements. Plaintiff's Motion for fees is filed within 14 days of the entry of judgment by the Court entered on February 11, 2008. Plaintiff is entitled to reasonable attorney fees pursuant to a Fed. Rule of Civ. Pro 68 Offer and Acceptance, which established that Plaintiff was the prevailing party and entitled to reasonable fees as set forth in the Judgment. Plaintiff has provided the amount of fees sought by providing a detailed declaration of Plaintiff's counsel as well as

an itemized Statement of Services Rendered in this case. Additionally, Plaintiff will to provide the Court the terms of the Rule 68 agreement about fees if requested.

Plaintiff has met all of the statutory requirements entitling it to attorney's fees. Therefore, the Court should award Plaintiff reasonable attorney's fees in the amount of $14,287.50 as discussed below.

### III.

### Mr. Patyk's amount of attorney's fees are reasonable as determined by the lodestar method.

Federal Courts have routinely adopted the lodestar method for determining the reasonableness of an attorney's fees award. The Supreme Court has explained the lodestar method as, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); followed by *Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 904 (9th Cir. 2005).

**a. Counsel for Plaintiff's hourly rate of $375.00 an hour is reasonable within the community.**

The Supreme Court has stated that for determining attorney fee award the district court's obligation is to calculate "reasonable" fees "according to the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The rates of attorneys practicing in the forum district are generally used. *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1992).

The Ninth Circuit has determined that "declarations of the prevailing market rate in the relevant community are sufficient to establish the appropriate billing rate for lodestar purposes." *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996); See also *Defenbaugh v. JBC & Assocs.*, 2004 U.S. Dist. LEXIS

16256 (2004) [awarding $435 and $400 an hour for lead counsel in FDCPA case based on declarations].

Plaintiff's counsel has submitted a detailed declaration concerning the prevailing market rate in the relevant community. Plaintiff's counsel has litigated numerous cases in the last twenty years in which attorney fees have been awarded by the Court. If anything, Plaintiff's counsel's hourly rate is low relative to other attorney's in the area with comparable years of experience and reputation.

**b. Counsel for Plaintiff's expenditure of 38.1 hours on this case is a reasonable amount in light of the circumstances.**

In determining what constitutes the reasonableness of the amount of hours in an attorney fee award the Courts have generally favored a determination based upon application of 12 factors adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) .

As explained in *Hensley*, these are the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at fn. 3.

When the applicant for a fee "has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986).

5

Plaintiff's Motion for Attorney's Fees                                              07-CV-2279-H-(CAB)

**b. Application of the 12 *Hensley* factors shows that Plaintiff's counsel spent a reasonable amount of time on this case.**

An application of each of the 12 factors announced in Hensley shows that Plaintiff's fees are reasonable.

**(1) the time and labor required**:

The Supreme Court has determined that the party moving for a fee award has the burden "of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, supra at 437. Additionally, the fee applicant "should exercise "billing judgment" with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims". *Id.*

Plaintiff's counsel has met the documentation requirement demonstrating that the number of hours spent on Plaintiff's case was reasonable. Plaintiff has filed with the court detailed contemporaneous time records showing the tasks that Plaintiff's counsel completed as well as the amount of time spent thereon.

Additionally, Plaintiff's counsel has exercised "billing judgment" by reviewing the time records and redacting numerous entries in order to present the Court with the most reasonable amount of attorney's fees. In total, Plaintiff's counsel redacted approximately 10 hours worth of time spent in this matter.

The Court should take note from Plaintiff's billing records that Plaintiff's counsel spent a significant portion of time responding to Defense counsel's letters and emails and their Motion to Dismiss. Additionally, Plaintiff has had to spend relatively significant pursuing the current Motion due to the unreasonableness of Defense counsel's offer of attorney fees. Plaintiff's attorney's fees for these purposes are recoverable.

Here, Plaintiff was required to spend significant time responding to Defendant's letters and their Motion to Dismiss. Time spent by Plaintiffs' counsel responding to motions or actions by the defendants are properly included within a fee award. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989). "Although [defendants] had the right to play hardball in contesting [plaintiffs'] claims, it is also appropriate that [defendants] bear the cost of their obstructionist strategy." *Id.* (citation omitted). In addition, even though it become unnecessary to file Plaintiff's Opposition to Defendant's Motion to Dismiss the time spent preparing it is properly included. *Id.* citing *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Here, Defense counsel sent numerous letters and emails attempting to dissuade Plaintiff from pursuing this case. Defense counsel then followed up with a Motion to Dismiss. Plaintiff's time spent in response to both is fully recoverable.

In addition, in this Circuit, plaintiffs may recover attorneys' fees for time spent in pursuing a motion for attorney's fees and costs. *Defenbaugh v. JBC & Assocs.*, 2004 U.S. Dist. LEXIS 16256 (D. Cal. 2004) [awarding $5,130 in fees for pursuing fees on a FDCPA claim]

Here, Plaintiff has been forced to resort to the current Motion for Fees due to the unreasonableness of Defense counsel's conduct. Initially, Defense counsel indicated that they thought $7,000 would be an acceptable amount of attorney fees. Then, in a subsequent letter, Defense counsel indicated that $6,000 would be an acceptable amount of attorney fees. Finally, when Plaintiff's counsel called Defense counsel prior to beginning work on the current Motion and asked Defense counsel to make a reasonable counter-offer to Plaintiff's offer, Defense counsel responded that $4,000 was an acceptable amount of attorneys fees.

Clearly, the conduct of Defense counsel of continually reducing the amount of attorney's fees which they were willing to offer Plaintiff is unreasonable. Therefore, Plaintiff's attorney's fees in pursuing the current Motion should be awarded in full.

Plaintiff has provided the Court at the outset with a detailed list of services provided to the Plaintiff by counsel. An examination of this itemized list makes clear that counsel for Plaintiff has exercised billing judgment and only billed for activity necessary to securing redress for Plaintiff.

**(2) the novelty and difficulty of the questions:**

Plaintiff's claims involved very complex state and federal statues, the determination of application between statutory causes of action and general tort theories, and a fairly novel cause of action.

Plaintiff's causes of action required selection and application of a number of dense and complicated federal and state statutes including the Plaintiff's cause of action under the *Fair Debt Collection Practices Act.* 15 U.S.C. § 1692 et seq.

Plaintiff anticipates that Defendant will claim this cause of action is non-complex and Plaintiff should not be awarded fees his requested fees. However, this argument is disingenuous because Defendant's perceived complexity of the case is immaterial. The Ninth Circuit has upheld an attorney fee award of over $46,000.00 for a "non-complex FDCPA case" when other factors are present and the Court "applied the proper legal standard with deliberate and detailed reasoning." *Defenbaugh v. JBC & Assocs. PC*, 2006 U.S. App. LEXIS 19930 (9th Cir. 2006).

In addition Plaintiff stated three causes of action under California statutory acts. (Cal. Civ. Code § 1785 et seq., giving untrue credit information; Cal. Civ. Code § 1788 et seq., violation of the California fair debt collection practices act; and Cal. Civ. Code § 1798.92 et seq., failure to acknowledge identify theft claim.) These causes of action generally are just as detailed in their requirements as those of their federal counterpart.

Finally, Plaintiff's situation was unique in that it involved a fairly novel cause of action for failure to acknowledge identify theft claim under Cal. Civ. Code section 1798.92 et seq. This section creates a cause of action against Defendant for continuing to

8

Plaintiff's Motion for Attorney's Fees                                   07-CV-2279-H-(CAB)

pursue debt collection against Mr. Patyk despite being giving all necessary documentation showing he was a victim of identify theft.

Therefore, this case differs from a typical credit reporting abuse in that Mr. Patyk, being the victim of an identity theft, notified Defendant of this fact and Defendant refused to stop debt collection practices in light of this information. In light of the recent creation of this statutory cause of action in 2001, Plaintiff was required to do additional research and exercise additional care in the drafting of this cause of action due to its novelty.

**(3) the skill requisite to perform the legal service properly:**

Mr. Patyk's claims required that he retain counsel able to diligently and effectively represent him. Defendant Certegy is a huge international debt collection corporation. The Defendant has probably been subjected to thousands of lawsuits from plaintiffs similarly situated to Mr. Patyk and as such have acquired massive amounts of legal experience and knowledge in defending these types of claims.

In order to redress the wrongs done to Mr. Patyk he had to retain experienced counsel able to take on a massive corporate defendant. Therefore, the 38.1 hours of time Mr. Patyk's counsel spent on this case is reasonable considering the skill and time necessary to perform legal services properly for Mr. Patyk against such a Defendant.

**(4) the preclusion of employment by the attorney due to acceptance of the case:**

Mr. Patyk's counsel has numerous clients with a constant demand on limited time. Each hour spent discussing with opposing counsel the merits of this case or researching their Motion to Dismiss was time that counsel was precluded from employment in pursuit of another client's case.

///
///
///

9

**(5) the customary fee:**

Plaintiff's counsel has attached a declaration stating the rates charged by Plaintiff's counsel are within the rates of typically charged by attorneys with his education and experience in the area.

**(6) whether the fee is fixed or contingent:**

Plaintiff's counsel has attached a declaration stating that Plaintiff Bruce Patyk agreed to pay Plaintiff's counsel the hourly rate of $375.00 per hour for all time spent in his matter plus costs.

**(7) time limitations imposed by the client or the circumstances:**

Plaintiff's counsel was subjected to time limitations in the form of Defense counsel's Offer of Judgment filed near the time when Plaintiff's Counsel would have submitted Plaintiff's Opposition to Motion to Dismiss. Plaintiff's counsel had to complete the analysis of Defendant's response in order to properly advise Mr. Patyk of his options.

**(8) the amount involved and the results obtained:**

Plaintiff's counsel has provided detailed statement of services rendered to the client. Defendant will not doubt argue that the amount of time involved is excessive for a $2000.00 victory. Defendant's likely argument however completely misses the point of the statutory award of attorney's fees allowed for in these statues.

Regardless of the amount of recovery, attorneys in FDCPA cases should be fully awarded, "in order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Zagorski v. Midwest Billing Servs.,* 128 F.3d 1164, 1167 (7th Cir. 1997) (citation omitted).

Additionally, Courts have been reluctant to reduce damages, including attorney fees, on the basis of a low monetary recovery in FDCPA cases, recognizing that FDCPA damages are capped at $ 1,000. See, *Cook v. VFS, Inc.,* 2000 U.S. Dist LEXIS 15621

10

(W.D. Ohio 2000) (plaintiff who recovered the statutory maximum of $ 1,000 under FDCPA achieved more than a technical victory and was entitled to a full fee award); 15 U.S.C. § 1692k(a)(2)(A) (FDCPA statutory damages not to exceed $ 1,000 in an individual cause of action). Because of this cap, a $ 1,000 recovery in an FDCPA case does not render a plaintiffs success "limited." *Defenbaugh v. JBC & Assocs.*, 2004 U.S. Dist. LEXIS 16256 (D. Cal. 2004) [holding an award of $1,000 in damages was a full success for a FDCPA claim].

Here, Plaintiff's counsel recovered twice the statutory damages for an FDCPA case. Plaintiff has clearly achieved a complete success. In light of Congressional intent Plaintiff should be award all attorney's fees despite the relatively low amount of monetary damages recovered.

**(9) the experience, reputation, and ability of the attorneys:**

Plaintiff's counsel has included a declaration stating "I have been licensed to practice before this court since 1988.  I am in my 20th year of practice of law.  I am rated AV by Martindale-Hubbell.  I have received awards for Outstanding Trial Lawyer from Consumer Attorneys of San Diego and the San Diego La Raza Lawyers Associations.  I have served as a Board member of the San Diego County Bar Association, Consumer Attorneys of San Diego, and San Diego La Raza Lawyers Association.  I have tried before a court, jury and arbitrator over 50 cases."

These facts demonstrate the great degree of Plaintiff's counsel's experience and reputation in the San Diego legal community. This skill and experience were necessary to achieve redress for Plaintiff against a large international corporate Defendant.

**(10)  the "undesirability" of the case:**

This case could be considered undesirable by the fact that Mr. Patyk was forced to sue a huge international debt collection corporation which has no doubt gained considerable legal experience in challenging legal claims brought by Plaintiff's similarly situated to Mr. Patyk.

**(11) the nature and length of the professional relationship with the client:**

Mr. Patyk is a valued client of the Gomez Law Group. As such, his counsel assured him that they would pursue his case diligently and professionally. Mr. Patyk's counsel's time in this case has been spent achieving this end.

**(12) awards in similar cases:**

Plaintiff's counsel has been litigating cases involving attorney fee awards for over twenty years. In cases where the prevailing party has met the requirements for attorney fees awards, such as Plaintiff's counsel has in this case, Courts have awarded the requested amount.

In summation, Plaintiff's attorney's fees are reasonable under the 12 factor test outlined in *Hensley* because they were necessarily incurred by Plaintiff's counsel partly due to Defendant's unreasonable conduct in seeking full redress of Plaintiff's claims.

## IV.
## Conclusion

Plaintiff Bruce Patyk respectfully requests this Court to award him attorney fees in the amount of $14,287.50 because he has met the statutory requirements entitling him fees, the fees are fully documented and the fees are reasonable as described in detail above.   Moreover, if Defendant opposes this motion, Plaintiff requests an additional $3000.00 in attorney fees.

Dated: February 25, 2008                                   Gomez Law Group

                                                           By:  s/Alvin M. Gomez
                                                           Attorney for Plaintiff
                                                           Email:agomez@thegomezlawgroup.com