Alvin M. Gomez, Esq. (State Bar No.: 137818)
GOMEZ LAW GROUP
8910 University Center Lane, Suite 550
San Diego, California 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505
Email: agomez@thegomezlawgroup.com

Attorneys for Plaintiff
Bruce Patyk

# United States District Court

# Southern District of California

| | |
|---|---|
| Bruce Patyk, | Case No.: 07-CV-2279-H-(CAB) |
| Plaintiff, | Date: March 24, 2008<br>Time: 10:30 a.m. |
| v. | Dept.: 13<br>Judge: Marilyn Huff |
| Certegy Payment Recovery Services Inc. and Does 1-10 Inclusive, | |
| Defendants. | **Declaration of Alvin Gomez in Support of Plaintiff's Motion for Attorney's Fees**<br>**(Fed. R. Civ. P. 54(d)(2))** |

I, Alvin Gomez, declare as follows:

1. My name is Alvin M. Gomez. I am over 18 years of age. I am an attorney duly licensed to practice in the State of California and am a member of the Bar of this Court.

2. I am fully competent to make this declaration, and I have personal knowledge of

1

the facts stated in this declaration. To my knowledge, all of the facts stated in this affidavit are true and correct.

3.     I am the sole principal of the firm the Gomez Law Group, the attorneys of record in this matter for Plaintiff Bruce Patyk. I make this declaration in support of the Motion for Attorney's Fees and Expenses brought by Plaintiff Bruce Patyk.

4.     I have been licensed to practice before this court since 1988. I am in my 20th year of practice of law. I am rated AV by Martindale-Hubbell. I have received awards for Outstanding Trial Lawyer from Consumer Attorneys of San Diego and the San Diego La Raza Lawyers Associations. I have served as a Board member of the San Diego County Bar Association, Consumer Attorneys of San Diego, and San Diego La Raza Lawyers Association. I have tried before a court, jury and arbitrator over 50 cases.

5.     I am familiar with the charges made by other attorneys in this area of practice. Based upon my education and experience, the rates charged by me are within the range of rates typically charged by such attorneys for similar work rendered by attorneys in this area.

6.     On or about September 1, 2007, I was retained by Bruce Patyk regarding a matter with Certegy. Mr. Patyk agreed to pay my office the hourly rate of $375.00 per hour for all attorney time spent in his matter plus costs.

7.     In connection with this action, I performed numerous acts as attorney for Plaintiff Bruce Patyk and rendered Bruce Patyk various services as attorney of record in this matter.

8.     In connection with the representation of Bruce Patyk, I am familiar with all of the legal services provide by my firm. These services were principally performed by me or at my direction. These services are fully and fairly summarized as set forth in Exhibit 1.

9.     In connection with cases that I handle for a client in litigation, I prepare each case as it is going forward to trial. As such, I personally meet with the client, perform

research as to the legal theories, copy jury instructions of the pertinent substantive areas of the law and review the pertinent evidence.

10. As a courtesy to the Court, a true and correct copy of my statement for services rendered is attached as Exhibit 1. The total amount of attorney time spent in representing Mr. Patyk amounts to the sum of 48.1 hours; however, I unilaterally have redacted 10 hours for what I consider "learning research" even though the time was actually incurred. As such, the total hours that are requested is 38.1 hours of attorney time.

11. In my professional opinion and based upon my knowledge, training and experience, all of these services were reasonably necessary to secure the favorable result that was secured for my client.

12. The total amount claimed as attorney fees is the sum of $14,287.50.

13. In the event that the motion for attorney fees is opposed, I expect to expend approximately 5 hours to review and respond to the opposition. If a court appearance is necessary, I expect to incur an additional 3 hours to prepare for, travel to and attend the hearing. As such, an additional amount of $3000.00 is requested.

14. Prior to the litigation, Certegy had placed disparaging remarks on the credit of Mr. Patyk in spite of their repeated representations that the negative remarks would be removed.

15. When the negative remarks caused by Certegy were not removed, Mr. Patyk was forced to retain my office to clear his credit record.

16. On or about December 21, 2007, I received communication from Richard Weinman, Vice President and in house counsel for Certegy.

17. On or about January 4, 2008, I spoke to Mr. Weinman. Mr. Weinman advised me that he personally looked into the matter of Mr. Patyk. He concurred that the negative remarks should be removed from Mr. Patyk's credit reports. He further acknowledged that Certegy was in error in not removing the negative remarks. Mr.

Weinman represented that he would complete the necessary paperwork to remove the negative comments to ensure that there would be no further issues by Certegy against Mr. Patyk.

18. In or about mid January, it was confirmed that the remarks were removed from Mr. Patyk's credit history.

19. Had Mr. Patyk not retained this office to file a complaint against Certegy, no action would have been taken by Certegy to clear Mr. Patyk's credit of this slanderous remark.

20. On or about January 13, 2008, Mr. Weinman made an offer of $7000.00 to resolve the matter. In light of the prior exchange of emails, it was my understanding that $1000.00 was attributed to the violation and the balance of $6000.00 was for attorney fees.

21. On or about January 17, 2007, I was contacted by Greg A. Hensrude who advised me that he was counsel for Certegy. Mr. Hensrude requested an extension to January 30, 2008 to respond to the complaint.

22. On or about January 29, 2008, Mr. Hensrude, on behalf of Certegy, filed a motion to dismiss.

23. On February 1, 2008, I received a letter from Mr. Hensrude with an offer of judgment.

24. On February 8, 2008, plaintiff filed an acceptance of the offer of judgment in light of defendant's representation that they would pay all reasonable attorney fees and costs.

25. Under the circumstances, the attorney fees of $14,287.50 are reasonable in light of the work performed in this particular case.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed this 25nd day of February, 2008.

                                          s/Alvin M. Gomez
                                          Attorney for Plaintiff
                                          Email:agomez@thegomezlawgroup.com