Gregor A. Hensrude, Bar No. 226660
Matt S. Wroblewski, Bar No. 251091
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendant
CERTEGY PAYMENT RECOVERY SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATYK,<br><br>              Plaintiff,<br><br>    v.<br><br>CERTEGY PAYMENT RECOVERY SERVICES, INC., and DOES 1-10, INCLUSIVE,<br><br>              Defendants. | Case No.   07-CV-2279-H-(CAB)<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Date              March 24, 2008<br>Time:             10:30 a.m.<br>Dept:             13<br>Judge:            Marilyn L. Huff<br>Complaint Filed: 12/5/07<br>Trial Date:       None set |

**I.**

**INTRODUCTION**

Defendant Certegy Payment Recovery settled with Plaintiff Bruce Patyk for $2,001.00 and *reasonable* attorneys' fees pursuant to an offer of judgment.  Defendant has offered (upon multiple occasions) reasonable attorneys' fees in this case, which was pending for just a few weeks, and entailed no discovery or work by Plaintiff's counsel other than the filing of a complaint.  Patyk's continued insistence on attorneys' fees in excess of $13,000, *for literally filing a complaint and nothing else*, is what occasions this motion before the Court.

Certegy believes that Patyk should be awarded reasonable attorneys' fees of $2,760.00, appropriate for the amount of time reasonably incurred and the experience of

///

Patyk's counsel, and that Plaintiff's counsel should not be rewarded for incurring fees for unnecessary litigation.

## II.

## **STATEMENT OF FACTS**

Plaintiff Bruce Patyk brought this action on December 5, 2007. It alleged that Certegy had sent two letters attempting to collect on a check that was a confirmed forgery, alleged to be a violation of the Fair Debt Collection Practices Act (FDCPA). There were no actual damages alleged, nor any facts giving rise to any intentional act on behalf of Certegy.

Plaintiff's counsel did not submit a demand letter prior to filing suit. Had he done so, Certegy would have addressed Patyk's concerns without occasioning litigation. [Decl. of R. Weinman ¶ 2]

After receiving the complaint, but before referring the case to litigation counsel, Certegy's attorney, Richard Weinman, attempted to negotiate a compromise of Patyk's claims. His initial suggestion was $1,000 in statutory damages plus reasonable attorneys' fees. [Ex. A: E-mail string; Decl. of R. Weinman ¶ 4] That was met with a demand of $25,000, most of which was attorneys' fees and, as seen by the time records now provided, included an overstatement of the amount of fees incurred.[1] [Ex. A: E-mail string; Decl. of R. Weinman ¶ 5]

Certegy responded with an offer of $7,000,[2] and requested some authority or factual support for actual damages above the $1,000 in statutory damages. Certegy's counsel did not feel as though Certegy could in good faith settle for anywhere close to what Patyk was requesting. [Ex. A: E-mail string; Dec. of R. Weinman ¶ 6] Certegy

---

[1] In the rejection of Certegy's offer, dated January 13, 2008, Mr. Gomez asserted that he had incurred in *excess* of 35 hours in attorneys' fees which, *even with the admitted write-downs added back in*, Mr. Gomez's own billing statements prove was a misstatement. According to the amounts now asserted, he had incurred 22.1 hours.

[2] Accepting the offer at that time would have yielded Patyk $2,000 plus compensation for *every* hour claimed by Plaintiff, including those that were unreasonable as discussed below, at $226.24 per hour.

believed (and still believes) the attorneys' fees alleged to have been incurred, to do nothing more than write a very simple complaint, to be grossly excessive. Plaintiff's counsel rejected that settlement offer, apparently because it did not include enough in the way of attorneys' fees, made no counter, and instead threatened that "Based on your counter, we will litigate and move to prove intentional conduct as well as other damages on the part of Certegy." [Exhibit A: E-mail string]

Prior to Certegy serving this offer of judgment, the day after it responded to the complaint,[3] Patyk's one and only demand was $25,000. [Decl. of R. Weinman ¶ 7] Patyk then accepted the offer of judgment but, again while discussing settlement of the attorneys' fees portion, Mr. Gomez would not reduce his demand to less than $13,000 in attorneys' fees. [Decl. of G. Hensrude ¶ 4]

## III.

## ARGUMENT

This motion is only necessary because Plaintiff's counsel is insistent on using this complaint as a way to incur attorneys' fees. Had he sent a demand letter, the case would have settled with almost no attorneys' fees. Instead he filed a complaint. Had he accepted Defendant's initial offer, provided immediately after service of the complaint, he could have recovered the same amount for the client, plus all of his fees paid in a reasonable hourly rate. But he chose to stand on his $25,000 demand. If he had settled the attorneys' fees portion (or even reduced his demand in response to Certegy's offer) after accepting the offer of judgment a few weeks later (for $2,001.00), he could have avoided the fees of this motion. Instead, he continues to incur more fees asserting a right to fees. None are reasonable.

Plaintiff and Defendant agree that the proper method for determining fees is to multiply a *reasonable* hourly rate times the *reasonable* number of hours. [Motion at

---

[3] The response required to the complaint was a motion under Federal Rules of Civil Procedure 12(b), as the causes of action included had been expressly found to be preempted under federal law. Plaintiff should not be allowed to claim attorneys' fees for drafting causes of action, and then reviewing a motion to causes of action, that never should have been included because of FCRA and FDCPA preemption.

3
**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**
07-CV-2279-H-(CAB)

4:10-15] The rate requested is excessive based upon the *facts* of this case. And what is not reasonable, under any circumstances, is the number of hours allegedly incurred.

### A.    The attorney rates requested are inappropriate and deceptive

The hourly rate requested, $375, is inappropriate for two reasons: (1) the services were not all performed by Mr. Gomez, as he insinuates, but many by a first-year attorney; (2) as Mr. Gomez admits he was doing research to learn this area of the law (Decl. of A. Gomez ¶ 10), and sets forth absolutely no evidence demonstrating experience in this area of the law, his rate is excessive, even if he performed all of the services.

It is the plaintiff that has the burden of proving that the requested rate is reasonable. *Widrig v. Apfel* (9th Cir. 1990) 140 F.3d 1207, 1209-10. Here, Plaintiff presents absolutely no evidence other than Mr. Gomez's own assertion of what his rate should be. Therefore, he has failed to meet his burden of proof on the reasonable rate.

In evaluating the evidence, it becomes clear that $375 per hour is grossly excessive. First, Mr. Gomez's declaration and the billing statement as submitted creates the inference that all of the fees incurred relate to services performed by Mr. Gomez; however, that is not accurate. Counsel for Certegy corresponded, via phone and letter, with Mr. David Finn who, according to the state bar, was admitted in June of 2007, and had been practicing approximately 6 months as of the time the complaint was filed. [Decl. of G. Hensrude ¶ 3] An hourly rate for an attorney in this position should be between $150-175 per hour.

Second, Mr. Gomez admits that the work was "principally" done by him or "under his direction." [Decl. of A. Gomez ¶ 8] There is a significant difference between services performed *by* an attorney and at his or her *direction*; namely, the appropriate hourly rate. Mr. Gomez provides no authority for how many hours were *by* him, how many were *at his direction*, how many hours were neither by him nor at his direction (as

///

///

///

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

they were only "principally" in the former two categories), or who performed the other services.[4]

Moreover, given Mr. Gomez's admission in his declaration that he had to learn substantial amounts about this area of the law, his rate should be more in accord with a less-senior attorney, as his experience rendered less benefit to an area he was less than familiar with. Per the San Diego County Superior Court rules, a reasonable fee *for an expert* lawyer is $250 per hour. San Diego Superior Court, Local Rule 2.1.11. This is consistent with the rates that have been applied to experienced FDCPA litigators with numerous FDCPA claims and fee applications in California. *See Navarro v. Eskanos & Adler* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 88618, *23-24; *see also Abad v. Cohen, Williams & Gray* (N.D. Cal 2007) 2007 U.S. Dist LEXIS 46318, *7-8. Even providing Mr. Gomez the expert fee provided to experienced FDCPA litigators, and aggregating his time with that of Mr. Finn, Certegy submits that $200 per hour is appropriate under the circumstances.

**B.   Plaintiff's requested attorneys' fees are grossly excessive**

In addition to overstating a reasonable hourly rate, there are a number of specific time entries that are, on face, grossly excessive.

Drafting of the complaint

Plaintiff's counsel seeks 12.5 hours for preparing the complaint, including 5.7 hours for researching and 6.8 hours for drafting a boilerplate complaint. The specific content of the complaint is contained in 10 short paragraphs (paragraph 4 and paragraphs 8-16). The other content is generic statements about the law, and certainly someone who has any experience with these kinds of complaints would have templates to work from. The preparation includes 3 hours researching punitive damages (at $375 per hour) in a FDCPA case, which is reasonable under no circumstances.

---

[4]   And the court should not allow Mr. Patyk to submit new evidence regarding who performed which services in the reply. The failure to articulate them, and in fact the inference that all were performed by Mr. Gomez, was a choice made by him. Submitting new information precludes Certegy from responding.

5

**OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**
07-CV-2279-H-(CAB)

As a consequence, a reasonable amount of time to draft the complaint is 2-3 hours.

Subsequent research

Plaintiff's counsel then continues the unnecessary "research." On January 8 and 12, 2008, he "researches" the issues (specifically "remedies") presented by Weinman's e-mail and does a "file review" for 2.4 hours.[5] What did Weinman's e-mail of that date say? That Patyk was entitled to statutory damages of $1,000. [Exhibit A: E-mail string] That is axiomatic for any experienced FDCPA litigator, and even a new attorney would be able to find that provision quickly. This amount should be disallowed in its entirety.

**C.     Any attorneys' fees incurred after January 13, 2008 were unnecessary and provided no benefit to the client**

One of the key inquiries to be considered by the court is whether Plaintiff achieved a level of success on the claims to warrant the fees. *Hensley v. Eckerhart* (1983) 461 U.S. 424, 434. Here, nothing was achieved by the incurring of fees that could not have been achieved without them. Certainly as of the time of the settlement offers, success had been achieved. The remaining work only increased the *fees*. Rewarding a plaintiff for those kinds of fees defeats the purpose of the fee statutes.

On January 13, 2008, Certegy offered $7,000. According to the breakdown between attorney and client that Patyk ultimately accepted with this offer of judgment, that would have amounted to $2,000 in damages for Patyk (well above what he is entitled to) and $5,000 in attorneys' fees for filing a complaint. At that time, the reasonable fees amounted for 9.7 hours. But with an offer of $5,000, one can *double* the number of hours compensated for, or *pay a rate of $515 per hour*. That offer was reasonable and appropriate, and any further fees were neither reasonable nor necessary. They certainly accomplished nothing on behalf of the client.

And Certegy then issued an offer of judgment, reviewed by Mr. Gomez on February 1, 2008. At that time, the total number of appropriate hours to meet with the

---

[5] The bill suggests that the two might be different e-mails, but Weinman did not write again until the following day, January 13, 2008.

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

client, file the complaint, and communicate with defense counsel a few times thereafter is 13.8 hours,[6] which, at $200 per hour equals $2,760.00.  But Certegy's initial offer, on attorneys' fees alone, was more than that.[7]  In fact, given the $4,000 fee offer, one could increase *by 50%* the reasonable hours or rate.  Certainly no fees after that time were reasonable *or* necessary.  That includes the filing of the instant motion.

### D. Mr. Gomez's contention that he helped clear up Patyk's credit report is inaccurate

Apparently conceding that the continued prosecution of this suit did not provide his client another penny, and in fact only increased the fees, Mr. Gomez asserts that in fact it helped resolve a problem with Patyk's credit report.  But this lawsuit did absolutely nothing to clear up Mr. Patyk's credit report.  In fact, *three months before this suit was filed*, Certegy sent a letter to Mr. Patyk informing him that they had corrected the problem *and informed Equifax*. [Exhibit B: September 17, 2007 Letter]  And they had— whether or not Equifax responded promptly is another issue, but it certainly had nothing to do with this suit.  The only benefit gained from this suit, which could have been obtained before even filing, was an offer of $7,000, which was subsequently repeated in substantial similarity after the offer of judgment was accepted.

## IV.

## CONCLUSION

Certegy's second offer in this case was for $7,000, which would have provided Patyk all of the money he will now receive, plus $5,000 in attorneys' fees for filing a complaint.  That was a premium over the amounts actually incurred, and would have

---

[6] This amount assumes that the hours to meet with the client were appropriate, and that all of the other entries were accurate.  This discounts the 2.1 hours to conduct legal research on the opposition.  The billing statement is written to imply that it was done the day before the offer of judgment was received, but that is inaccurate.  The offer of judgment was with the correspondence reviewed by Mr. Gomez on February 1, 2008 (and was sent on January 31, 2008), even though he allegedly reviewed the letter on February 1, 2008, and the enclosure on February 4, 2008.  There were no time constraints on the research, as the opposition was not due for over a week, and it was obviously an attempt to run up attorneys' fees prior to accepting.

[7] There was no further negotiation from that offer, as Patyk simply filed this fee motion.

represented a very fair hourly rate. The court should not, therefore, provide Patyk even more fees, when none of them were reasonable or necessary. The reasonable hours to compensate are 13.8; the reasonable rate is $200 per hour. As a consequence, Certegy requests that the court find attorneys' fees were reasonable in the amount of $2,760.00.

KLINEDINST PC

DATED: March 10, 2008      By: ___/s/___
                                GREGOR A. HENSRUDE
                                Attorneys for Defendant
                                CERTEGY PAYMENT RECOVERY
                                SERVICES, INC., and DOES 1-10,
                                INCLUSIVE

2989-1001 569510v1