Gregor A. Hensrude, Bar No. 226660
Matt S. Wroblewski, Bar No. 251091
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
ghensrude@klinedinstlaw.com

Attorneys for Defendant
CERTEGY PAYMENT RECOVERY SERVICES, INC., and
DOES 1-10, INCLUSIVE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BRUCE PATYK, | Case No. 07-CV-2279-H-(CAB) |
|---|---|
| Plaintiff, | **DECLARATION OF RICHARD WEINMAN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| CERTEGY PAYMENT RECOVERY SERVICES, INC., and DOES 1-10, INCLUSIVE, | Date: March 24, 2008<br>Time: 10:30 a.m.<br>Dept: 13<br>Judge: Marilyn L. Huff<br>Complaint Filed: 12/5/07<br>Trial Date: None set |
| Defendants. | |

I, Richard A. Weinman, hereby declare:

1.  I am an attorney at law duly licensed to practice before all the courts of the State of Florida. I am division counsel for Certegy Payment Recovery Systems ("Certegy"), the defendant in the above-entitled action. I am familiar with the facts and proceedings of this case and if called as a witness, I could and would competently testify to the following facts from my own personal knowledge.

2.  Plaintiff Bruce Patyk ("Patyk") filed suit against Certegy on or around December 5, 2007. We were not issued a demand letter prior to suit, so service of the action was the first I had heard of it. If we had received a demand letter from Mr. Patyk or Mr. Gomez, any concerns raised by Mr. Patyk would have been addressed completely without the necessity of litigation.

1

3.  As soon as Certegy received the suit, and before engaging local counsel, I contacted counsel for Patyk, Alvin Gomez, to discuss settlement. A copy of our communication is set forth in an electronic mail string attached hereto as Exhibit "A."

4.  In the first e-mail, I offered to settle for $1,000 in statutory damages, as the maximum allowed under the FDCPA, plus reasonable attorneys' fees.

5.  In return Mr. Gomez demanded $25,000, most of which was apparently attorneys' fees. He requested $13,325 in attorneys' fees, and represented that he had spent *in excess of* 35 hours. I note that his declaration and attached fee statement now disproves that amount, and he appears to be requesting only 22.1 hours for up to the date of the e-mail. Even including his "waived" time, his hours still add up to several hours *less* than the 35 hours he claimed he spent "in excess of" in his e-mail to me.

6.  In response to that e-mail, I asked him for his authority for that amount of damages, or any evidence of actual damages. I also offered $7,000 to settle the claim, which would have $5,000-6,000 in attorneys' fees (depending how he divided the money with his client) for filing a complaint. He rejected that amount, and would not reduce the $25,000 demand. Having no other choice, I sent the matter to local counsel, Klinedinst PC, for case-handling.

7.  The day after responding to the complaint on behalf of Certegy, I am informed and believe that Klinedinst PC served an offer of judgment, for $2,001.00 plus reasonable attorneys' fees. This offer was only $1,000 off of *Certegy's very first offer* in the case, and less than my second offer, and Certegy would have offered it pre-litigation in response to a reasonable demand. The offer was accepted. Before that offer was accepted, we received no counter-offer or demand, other than the $25,000 that had been demanded before.

8.  After the offer of judgment was accepted, we again attempted to negotiate a compromise of attorneys' fees, but were unable to do so. Plaintiff demanded in excess of $13,000 in fees and refused to counter our offer, or come below $13,000.

KLINEDINST PC
501 WEST BROADWAY, STE. 600
SAN DIEGO, CALIFORNIA 92101

9. Mr. Gomez's assertion that this lawsuit in some way improved his credit report because Certegy took some action to correct an error after filing is inaccurate. In fact, we took that action in September, 2007, three months before that action was filed, *and wrote Mr. Patyk a letter informing him of the same.* A true and correct copy of that letter is attached hereto as Exhibit "B." To the extent there was any delay in clearing up the issue, it was Equifax's concern, and was not the result of any inaction by Certegy.

10. Mr. Gomez's assertion that I admitted that the error in failure to remove the credit history was Certegy's during our communications is also inaccurate. I made no assertion that Certegy was in error. As seen above, Certegy took action months *before* the action was filed. At the time I spoke with Mr. Gomez, and indeed up to and including today, Certegy's position is that it is settling this matter to avoid unnecessary attorneys' fees in this vexatious litigation, and is making no admission of liability. In fact, the offer accepted by Patyk explicitly states the same.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed the 10th day of March, 2008, at St. Petersburg, Florida.

_____
Richard B. Weinman

ROBIN BRUCE
Notary Public, State of Florida
My Comm. Expires Oct. 4, 2010
No. DD602149

*[signature: Robin Bruce]*

**From:** Alvin Gomez [mailto:amglawyers@yahoo.com]
**Sent:** Sunday, January 13, 2008 5:06 PM
**To:** Weinman, Richard
**Subject:** Re: Bruce Patyk v. Certegy Payment Recovery Services- INADMISIBLE SETTLEMENT COMMUNICATIONS

Based on your counter, we will litigate and move to prove intentional conduct as well as other damages on the part of Certegy.

Alvin M. Gomez



ALVIN M. GOMEZ, ESQ
8910 University Center Lane, Suite 550
San Diego, CA 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505

----- Original Message ----
From: "Weinman, Richard" <Richard.Weinman@fnis.com>
To: Alvin Gomez <amglawyers@yahoo.com>
Sent: Sunday, January 13, 2008 2:00:44 PM
Subject: RE: Bruce Patyk v. Certegy Payment Recovery Services- INADMISIBLE SETTLEMENT COMMUNICATIONS

Mr. Gomez,

Thank you for your reply. I have (through local counsel) litigated cases extremely similar to this matter in California before, and cannot in goof faith advise my client to settle this matter for $25,000 without any evidence of intentional wrongdoing. Therefore, I will propose a $7,000 settlement to my client and forward this matter to the company☐s local counsel to respond. If your client wishes to accept the $7,000 in settlement, or propose something significantly less than $25K, I will continue to work with you.

EXHIBIT ___A___

3/10/2008

If litigation ensues, the responsive pleading/motion will be filed with a formal/statutory offer of $1,000 plus reasonable attorney fees to be determined by the Court.

Thank you.
*Richard B. Weinman*
Division Counsel
Fidelity National Information Services, Inc.

---

**From:** Alvin Gomez [mailto:amglawyers@yahoo.com]
**Sent:** Saturday, January 12, 2008 3:19 PM
**To:** Weinman, Richard
**Cc:** Alvin M. Gomez
**Subject:** Re: Bruce Patyk v. Certegy Payment Recovery Services- INADMISIBLE SETTLEMENT COMMUNICATIONS

Settlement Communication Evidence Code 1152

Mr. Weinman:

I am in receipt of your last communication. The purpose of this email is to make a good faith attempt to resolve this matter informally. If the matter is not resolved for the sum of $25,000.00 as offered, we will proceed to litigation. Note, the attorney fees will continue to accrue at the rate of $375.00 per hour.

To date, the attorney fees incurred total more than 35 hours (@ $375.00) for a total of $13,125 plus costs of $450.00 for a total out of pocket expense of $13,575.00.

The offer of $25,000 is more than reasonable in light of the exposure to damages of your company.

Under Ca. Civil Code 1788.30, Certegy would be liable for actual damages and a penalty of no less than $100 and no greater than $1000, plus attorney fees and costs.

Under Ca. Civil Code 1785.31, damages would include actual damages, including court costs, loss of wages, attorney fees, and when applicable, pain and suffering. As in this case, for a willful violation, there would be actual damages plus punitive damages of $5000 for each violation.

Under Ca. Civil Code 1798.93, Mr. Patyk, in addition to damages, would be entitled to a civil penalty of up to $30,000.00.

The damages enumerated do not even address the common law claims.

As such, the offer of $25,000.00 is more than reasonable.

Please provide me with a response before January 15, 2008. Note, I will be out of the country from January 20 to January 28, 2008.

If your company is not willing to resolve the matter, please file your responsive pleading before January 28, 2008.

Alvin M. Gomez



**ALVIN M. GOMEZ, ESQ**
8910 University Center Lane, Suite 550
San Diego, CA 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505

----- Original Message ----
From: " Weinman, Richard " <Richard.Weinman@fnis.com>
To: Alvin Gomez <amglawyers@yahoo.com>
Sent: Tuesday, January 8, 2008 3:00:06 PM
Subject: RE: Bruce Patyk v. Certegy Payment Recovery Services- INADMISIBLE SETTLEMENT COMMUNICATIONS

Alvin,

The law provides for $1,000 in damages (unless actual are greater) and reasonable fees and costs. If you can break out your demand in that context it will be easier for me to seek settlement authorization from my client. If your client is alleging actual damages in excess of $1,000, or some special damages, can you please articulate the damage to some degree? Without actual damages incurred, Certegy will likely only authorize the settlement for $1,000 to your client, plus reasonable fees and costs. If you wish to discuss this in greater detail, please call me. Although I am tied up most of tomorrow, I will return your call first chance I have.

*Richard B. Weinman*
AVP & Division Counsel
Fidelity National Information Services, Inc.
100 - 2nd Ave South, Suite 1100S
St. Petersburg, FL 33701
Tel: (727) 227-8406
Fax: (727) 556-9196
PLEASE NOTE my new email address is **richard.weinman@fnis.com**
This e-mail and any attachments are confidential and/or privileged information intended solely for the addressee(s). This e-mail should not be forwarded or otherwise distributed without the author's prior consent.

**From:** Alvin Gomez [mailto:amglawyers@yahoo.com]
**Sent:** Tuesday, January 08, 2008 4:53 PM
**To:** Weinman, Richard
**Subject:** Re: Bruce Patyk v. Certegy Payment Recovery Services

Richard,

I have spoken to my client and he is authorized me to settle the matter for the sum of $25,000.00, inclusive of attorney fees and costs.

Let me know.

Alvin M. Gomez



3/10/2008

ALVIN M. GOMEZ, ESQ
8910 University Center Lane, Suite 550
San Diego,   CA 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505

----- Original Message ----
From: " Weinman, Richard " <Richard.Weinman@fnis.com>
To: Alvin Gomez <amglawyers@yahoo.com>
Sent: Monday, January 7, 2008 6:02:28 AM
Subject: RE: Bruce Patyk v. Certegy Payment Recovery Services

Alvin ,

I understand that you are speaking with your client regarding settlement of this matter in accordance with our discussion last week.  My reminder system keeps bringing this matter to my attention, but I have not yet brought our local counsel up to speed on this matter, and intend to do so only if I understand that settlement has failed.  I look forward to hearing from you.

Richard B. Weinman
AVP & Division Counsel
Fidelity National Information Services, Inc.
100 - 2nd Ave South, Suite 1100S
St. Petersburg , FL 33701
Tel: (727) 227-8406
Fax: (727) 556-9196
-----Original Message-----
From: Alvin Gomez [mailto:amglawyers@yahoo.com]
Sent: Wednesday, December 26, 2007 11:22 AM
To: Richard" <Richard.Weinman@fnis.com>
Subject: RE: Bruce Patyk v. Certegy Payment Recovery Services

A 10 day extension is granted. Let me know if additional time is needed.

Alvin M. Gomez


The information contained in this message is proprietar

---

The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.

3/10/2008

---

Never miss a thing. Make Yahoo your homepage.

---

The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

---

The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

---

The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.

---

3/10/2008

Certegy Check Services
11601 Roosevelt Boulevard
St. Petersburg, Florida 33716
1-800-215-6280

September 17, 2007

Bruce Patyk
11556 Scripps Lk Dr
San Diego, CA 92131

RE: Claim number(s): 44880572, 44880573

Dear Mr Patyk;

This is written in response to correspondence received by Certegy Check Services (CCS) regarding your Affidavit of Forgery. First, let me apologize for any inconvenience this matter has caused. I've had the opportunity to research the situation thoroughly. Please allow me to submit the following explanation.

CCS has received your statement of fraud against your personal information, and we have amended our records to reflect that the check(s) referenced above was a forgery. Please be assured that CCS will expunge all adverse information concerning the claim(s) from your credit file with our affiliate, Equifax Credit Information Service ("ECIS"). A request has been forwarded to ECIS to delete the item(s) from your credit report.

If you have any questions, please contact me at 1-800-215-6280 extension 73710.

Sincerely,
CERTEGY CHECK SERVICES, Inc.


Lee Shipley, Credit Information Consultant
Customer Care Department



EXHIBIT B