Alvin M. Gomez, Esq. (State Bar No.: 137818)
GOMEZ LAW GROUP
8910 University Center Lane, Suite 550
San Diego, California 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505
Email: agomez@thegomezlawgroup.com

Attorneys for Plaintiff
Bruce Patyk

# United States District Court

## Southern District of California

| | |
|---|---|
| Bruce Patyk, | Case No.:  07-CV-2279-H-(CAB) |
| Plaintiff, | Date: March 24, 2008<br>Time:  10:30 a.m. |
| v. | Dept.:  13<br>Judge: Marilyn Huff |
| Certegy Payment Recovery Services Inc. and Does 1-10 Inclusive, | |
| Defendants. | **Plaintiff's  Reply to Opposition to Motion for Attorney's Fees<br>(Fed. R. Civ. P. 54(d)(2))** |

### I. Introduction

Plaintiff Bruce Patyk offers this brief Reply to respond to Defendant Certegy Payment Recovery's unfair and misleading characterization of the facts of this case. Defendant's Opposition and this Reply clearly shows the amount of work necessary to make winning cases against experienced FDCPA defense attorneys worthwhile.

1

Reply-Plaintiff's Motion for Attorney's Fees                    07-CV-2279-H-(CAB)

**II. Defendant repeatedly mischaracterizes the course of this litigation**.

Defendant's Opposition to Plaintiff's Motion for Attorney's Fees repeatedly mischaracterizes the events which transpired in the course of litigation. First, Defendant is attempting to lead to the Court to believe that this case was pending for just a few weeks and thus fees are unreasonable. (Opposition to Plaintiff's Motion for Attorney's Fees ("Opposition") pg. 1 line 22.) The case was actually pending from between December 5, 2007 until judgment was entered on February 11, 2008, a period of over two months. More importantly, Defendant does not dispute that Plaintiff began working on this case on September 14, 2007 when the initial client meeting occurred and Plaintiff will continue working until March 24, 2008 for the hearing of Plaintiff's Motion, a period of approximately six months. The fact that Plaintiff spent 38.1 hours in six months pursuing meaningful redress against Defendant is the more accurate characterization of this case.

Defendant asserts that Plaintiff is seeking $13,000 in fees for "for literally filing a complaint and nothing else" (Opposition pg.1 line 24). In reality, Plaintiff completed an entire civil case against Defendant, including but not limited to; client interview, gathering evidence, legal research, drafting complaint, responding to a motion demurrer, corresponding with defense counsel on multiple occasions, assessing the offer of judgment, and pursuing post-judgment relief. Each of these items is included in a detailed billing statement provided by Plaintiff's counsel.

Defendant grossly over-exaggerates the role of Mr. Gomez's associate Mr. Finn in this case. In reality, Mr. Finn talked with Defendant's counsel once by telephone and Defendant's counsel sent one letter addressed to Mr. Fin[n]. Mr. Finn's involvement provides no basis for lowering Mr. Gomez's billing rate because this phone call was not even included in the fees determination. There is no rational basis at all for lowering Mr. Gomez's hourly rate based on an unbilled phone call with one of his associates.

### III. Defendant only addresses a few of Plaintiff's detailed billing hours.

Despite Defendants posturing that Mr. Gomez's number of hours is excessive, Defendant only points to two items to make this claim. First, Defendant attacks 12.5 of researching and drafting the "boilerplate" complaint (Opposition, pg. 5). However, the only reason Defendant gives for the drafting time is that Plaintiff should have had a template. This is clearly an insufficient reason for not compensating Plaintiff for its time for a well-drafted complaint.

Second, Defendant flat out misrepresents Plaintiff's research time. Defendant states Plaintiff's counsel "includes 3 hours researching punitive damages". This is incorrect. Plaintiff's billing entry for 10/24/07 clearly states "Review punitive damage analysis and relevant cases". These relevant cases are not necessarily related to punitive damages but rather to other causes of action. Defendant's unwarranted assumptions provide no basis to reduce Plaintiff's research time.

Finally, Defendant addresses Plaintiff's subsequent research related to correspondence with Weinman. Defendant's mistaken view is that his time is just a black and white discussion over $1,000 dollars. However, a review of the email sting attached in Defendant's Opposition shows that Mr. Gomez provided a detailed breakdown of which damages Plaintiff would be able to recover under each of the statutes alleged in the causes of action of the Complaint. Mr. Gomez did not just pull those numbers out of a hat. Mr. Gomez took the time to provide a detailed list of damages in a good faith attempt to settle the case. In response, Defendant objects that it's too well prepared.

In sum, the only specific items that Defendant addresses of Mr. Gomez's billing are clearly reasonable. Therefore, the entire number of hours spent by Mr. Gomez is reasonable.

**IV. Plaintiff is entitled to all reasonable fees.**

Defendant's argument that fees incurred after Certegy's first offer were unnecessary is clearly without merit and contrary to law. Attorney's fees incurred after that offer were the result of Defendant's disingenuous behavior of reducing the amount offered.

Initially, Defense counsel indicated that they thought $7,000 would be an acceptable amount of attorney fees. Then, in a subsequent letter, Defense counsel indicated that $6,000 would be an acceptable amount of attorney fees. Finally, when Plaintiff's counsel called Defense counsel prior to beginning work on the current Motion for Attorney's Fees and asked Defense counsel to make a reasonable counter-offer to Plaintiff's offer, Defense counsel responded that $4,000 was an acceptable amount of attorneys fees. Now, Defense counsel takes another step and asserts $2,760.00 is an acceptable amount. It appears that the more work put into a case, the less it is worth to Defendant.

Regardless of the amount of recovery, attorneys in FDCPA cases should be fully awarded, "in order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Zagorski v. Midwest Billing Servs.*, 128 F.3d 1164, 1167 (7th Cir. 1997) (citation omitted).

In addition, in this Circuit, plaintiffs may recover attorneys' fees for time spent in pursuing a motion for attorney's fees and costs. *Defenbaugh v. JBC & Assocs.*, 2004 U.S. Dist. LEXIS 16256 (D. Cal. 2004).

///

///

4

Reply-Plaintiff's Motion for Attorney's Fees                    07-CV-2279-H-(CAB)

**V. Defendant's September 17, 2007 letter is inadmissible hearsay and is misleading as to the facts.**

Defendant makes the assertion that a September 17, 2007 informing Plaintiff that Defendant was going to clear up Plaintiff's credit somehow makes the remainder of the litigation unnecessary. (Opposition pg. 6, ln. 17) This is incredulous.

First, the contents of this letter are inadmissible hearsay. Neither the Court nor Plaintiff can be expected to take the contents of this letter for the truth of the matter asserted. Especially Plaintiff, who according to the Complaint received a similar letter in June 2006. The fact that Defendant can make no representation as to whether anything was actually done to clear up Plaintiff's credit is illustrative of the consideration this letter should receive.

Second, it appears Defendant Certegy merely transferred the debt to another law firm which contacted Plaintiff and again made demands for payment on the same debt. See Exhibit A.  Plaintiff had to notify this law firm that the debt with Certegy was settled. On March 5, 2008, Plaintiff was informed that the Certegy debt was finally cleared up. See Exhibit B.

Therefore, the full efforts detailed by Plaintiff in the Motion for Attorney's Fees should be award to Plaintiff.

Dated: March 17, 2008                               Gomez Law Group


                                                    By: s/Alvin M. Gomez
                                                    Attorney for Plaintiff
                                                    Email:agomez@thegomezlawgroup.com