Alvin M. Gomez, Esq. (State Bar No.: 137818)
GOMEZ LAW GROUP
8910 University Center Lane, Suite 550
San Diego, California 92122
Telephone: (858) 552-0000
Facsimile: (858) 552-8505
Email: agomez@thegomezlawgroup.com

Attorneys for Plaintiff
Bruce Patyk

## United States District Court

## Southern District of California

| | |
|---|---|
| Bruce Patyk,<br><br>        Plaintiff,<br><br>v.<br><br>Certegy Payment Recovery Services Inc. and Does 1-10 Inclusive,<br><br>        Defendants. | Case No.:  07-CV-2279-H-(CAB)<br><br>Date:  March 24, 2008<br>Time:  10:30 a.m.<br>Dept.:  13<br>Judge: Marilyn Huff<br><br>**Declaration of Alvin Gomez in Support of Plaintiff's  Reply to Opposition to Motion for Attorney's Fees**<br>**(Fed. R. Civ. P. 54(d)(2))** |

I, Alvin Gomez, declare as follows:

1.      My name is Alvin M. Gomez. I am over 18 years of age. I am an attorney duly licensed to practice in the State of California and am a member of the Bar of this Court.

2.      I am fully competent to make this declaration, and I have personal knowledge of

the facts stated in this declaration. To my knowledge, all of the facts stated in this affidavit are true and correct.

3.     I have read the declarations submitted by Mr. Hensrude and Mr. Weinmnan.

4.     While 35 hours of attorney time were in fact spent in this matter at the time of my communication of January 13, 2008 with Mr. Weinman, I specifically did not include over 13 hours of attorney time incurred by Mr. Finn in my statement.

5.     Mr. Hensrude's declaration has several apparent flaws.  First, he states that before he sent a letter dated February 19, 2008 that he looked up Mr. Finn's name at the state bar for his correct spelling. However, in spite of looking up Mr. Finn's name, he still spells the name incorrectly as "Fin."  Either Mr. Hensrude did not look up Mr. Finn's name at the time that he declares or he simply ignored the correct spelling.

6.     Second, Mr. Hensrude apparently did not review the billing statement in detail. Had he done so, he would have realized that I did not bill for Mr. Finn's time for the telephone call of February 18, 2008.

7.     Third, I did not bill for my time through oversight (though incurred) for February 25, 2008 for the finalization and filing of the motion for attorney fees.

8.     In fairness to all parties and the court, I went through the statement and self reduced my attorney time and did not include many hours to prevent any implication of over billing.

9.     It is unfortunate that Mr. Weinman has chosen to provide a misleading declaration to this court regarding our telephone conversation.  I dispute Mr. Weinman's self serving version and stand by my prior statement. I reviewed Mr. Patyk credit report in September 2007 and there was a negative remark made by Certegy.  The remark was not removed until January 2008.

10.    The attorney fees requested are reasonable in light of the work performed in this matter and the additional work created as a result of the tactics of Certegy in their stance

Declaration Alvin M. Gomez -Plaintiff's Reply to Opposition to  Motion for Attorney's Fees

07-CV-2279-H-(CAB)

on what reasonable attorney fees should be.  It should be noted that on February 19, 2008, Mr. Hensrude states in a letter to Mr. Fin as follows:  "Based upon our experience in these kinds of matters, and the fact that almost no work had to go into this case other than your meeting with your client and preparing the complaint, we believe that a reasonable value of attorneys' fees is $4000.00."   Clearly based upon this analysis by Mr. Hensrude of a limited focus of time spent that did not include research, numerous telephone calls, meetings, and exchange of emails and correspondence, the amount requested by Plaintiff of $14,287.50 is reasonable.  Moreover, Defendant bases it's calculation on a $200.00 hourly rate.

11.    On January 31, 2008, Plaintiff Bruce Patyk received a letter from Bourassa Law Group dated January 23, 2008. This letter was an attempt to collect the same debt that Certegy was attempting to collect and which was the subject of the present case. A true and correct of this letter is attached as "Exhibit A".

12.    On February 26, 2008, I mailed a letter to Bourassa Law Group informing them that the debt they were seeking to collect was already in dispute with Certegy Payment Recovery Services Inc. On March 5, 2008, I received a letter from the Bourassa Law Group informing me that they were ceasing their efforts to collect the debt in response to my letter. A true and correct copy of this letter is attached as "Exhibit B".

13.    Moreover, Defendant does not dispute that the attorney fees to prepare and reply to the motion are unreasonable.  As such, Plaintiff is entitled to an additional amount of $3000.00 for a total award of $17,287.50.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was signed this 17th day of March, 2008.

 s/Alvin M. Gomez
**Attorney for Plaintiff**
**Email:agomez@thegomezlawgroup.com**

Declaration Alvin M. Gomez -Plaintiff's Reply to Opposition to  Motion for Attorney's Fees

07-CV-2279-H-(CAB)