# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE PATYK,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CERTEGY PAYMENT RECOVERY SERVICES, INC.,<br><br>　　　　　Defendant. | CASE NO. 07-CV-2279H (CAB)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

On December 5, 2007, Plaintiff filed a complaint against Defendant Certegy Payment Recovery Services, Inc. ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and various state law violations ("Compl."). (Doc. No. 1.) On February 8, 2008, Plaintiff filed an offer of judgment pursuant to Fed. R. Civ. P. 68. (Doc. No. 7.) The Court entered judgment for Plaintiff on February 11, 2008. (Doc. No. 9.) On February 25, 2008, Plaintiff filed a motion for attorney's fees ("Mot."). (Doc. No. 10.) On March 10, 2008, Defendant filed an opposition to Plaintiff's motion for attorney's fees ("Opp."). (Doc. No. 12.) On March 17, 2008, Plaintiff filed a reply ("Reply"). (Doc. No. 14.) For the following reasons, the Court GRANTS IN PART Plaintiff's motion and awards attorney's fees in the amount of $8,437.

/ / / /

## Background

On December 5, 2007, Plaintiff filed a complaint alleging violation of the Fair Debt Collection Practices Act and various state law violations. (Doc. No. 1.) On February 8, 2008, the parties filed an offer of judgment pursuant to Fed. R. Civ. P. 68, agreeing to settle the case for $2,001 plus "reasonable attorneys' fees as determined by the Court." (Doc. No. 7.) The Court entered judgment accordingly on February 11, 2008. (Doc. No. 9.)

Plaintiff's counsel seeks $14,287.50 in fees for 38.1 hours at $375 per hour. (Mot. 4-5.) Based on Plaintiff's description of tasks in the billing statement, the Court notes that Plaintiff's counsel billed approximately 12.5 hours for drafting the complaint, 5.5 hours communicating with the client, 6.3 hours communicating with Defendant, 1.7 hours filing papers with the Court and reviewing Court orders, 2.6 hours reviewing and preparing a response to Defendant's motion to dismiss, and 9.5 hours preparing and filing this motion for attorney's fees. (Mot. Ex. 1-4.) Defendant claims that the rate Plaintiff seeks is unreasonable, in part because Plaintiff's counsel billed at one hourly rate, but at least one other attorney with less experience purportedly worked on the case. (Opp. 4-5.) Defendant also states that $375 per hour is excessive and contends that a rate of $200 to $250 per hour is reasonable. (Opp. 5, 8.) Defendant claims further that the number of hours is excessive for the facts of the case, which the parties settled approximately two months after filing. (Opp. 5-7.) Defendant requests that the Court award $2,760.00 in attorney's fees. (Opp. 8.)

## Discussion

The Court calculates reasonable attorney's fees using the lodestar method by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhardt, 461 U.S. 424, 433 (1983). The Court determines the reasonable rate for each attorney by looking at the rate prevailing in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986).

1  The party seeking an award of fees must submit evidence supporting the proposed hours
2  and rates, and the Court may reduce a fee award if the hours or rates claimed are not
3  adequately supported.  Hensley, 461 U.S. at 433.  The Court may also reduce a fee
4  award to exclude unreasonable or excessive hours.  Id. at 434.  Furthermore, the Court
5  considers whether the hours are excessive in light of the experience of the attorney.  An
6  experienced attorney commands high hourly rates in part because he or she is more
7  efficient.  See Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1148 (9th Cir. 2001).

8        The Court presumes that the result of this calculation is a reasonable fee award,
9  but if the lodestar result is unreasonably low or high, it may "adjust the lodestar upward
10 or downward using a 'multiplier' based on factors not subsumed in the initial
11 calculation of the lodestar."  Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041,
12 1045 (9th Cir. 2000).  The factors considered at the multiplier stage are: (1) the time and
13 labor required; (2) the skill requisite to perform the legal service properly; (3) the
14 preclusion of employment by the attorney due to acceptance of the case; (4) the
15 customary fee; (5) time limitations imposed by the client or the circumstances; (6) the
16 "undesirability" of the case; (7) the nature and length of the professional relationship
17 with the client; and (8) awards in similar cases.  See id. at 1045 n.2.

18       Plaintiff states that $375 per hour is a reasonable billing rate within the legal
19 community for an attorney of his skill and experience.  (Mot. 4., Motion Decl. 2.)
20 Defendant states that $200 to $250 per hour is a reasonable range of rates for an
21 experienced consumer debt attorney.  (Opp. 5, 8.)  Plaintiff's reply clarifies that Mr.
22 Gomez, the partner, performed all the work billed.  (Reply 2, Reply Decl. 2.)  In a
23 recent Southern District of California case involving a claim under the Fair Debt
24 Collection Practices Act, the court held that $295 per hour for a partner and $125 per
25 hour for an associate was a reasonable rate.  Myers v. LHR, Inc., No. 06-CV-0248-JM,
26 2008 WL 506215, at *4 (S.D. Cal. Feb. 25, 2008).  The Court concludes that $295 per
27 hour is a reasonable hourly rate for an attorney of Plaintiff's counsel's experience in
28 consumer debt collection cases.

Defendant contends that the hours Plaintiff claims are excessive. Plaintiff states that the statement of hours billed is accurate and reflects work actually performed. The Court concludes that the hours Plaintiff billed are generally reasonable. However, the Court exercises its discretion and declines to award attorney's fees for the fees related to the motion for attorney's fees under the totality of circumstances in this case. Accordingly, the Court awards attorney's fees based on 28.6 hours billed.

Applying the lodestar method, the reasonable hourly rate multiplied by the reasonable hours spent results in $8,437 in attorney's fees. After considering the multiplier factors, the Court concludes that no multiplier is appropriate in this case. Accordingly the Court awards Plaintiff $8,437 as a reasonable attorney's fee award.

**Conclusion**

The Court GRANTS IN PART Plaintiff's motion and awards Plaintiff $8,437 in attorney's fees.

IT IS SO ORDERED.

DATED: March 19, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.